COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     Julie A. Ketterman v. Department of Family and Protective Services

Appellate case number:   01-12-00883-CV

Trial court case number: 2011-03307J

Trial court:             314th District Court of Harris County

Appellee, the Texas Department of Family and Protective Services (DFPS), has filed an unopposed motion to abate this appeal and remand to the trial court, to allow the trial court to consider a motion for severance in this case. In the motion, DFPS argues that, although this is an appeal from a parental termination case, the only issue presented in the appeal relates to sanctions imposed against appellant, Julie A. Ketterman, and not to the termination decree. DFPS therefore requests that, because an adoption order rendered while a termination decree is on appeal is void, it is necessary to abate this appeal for the trial court to sever the sanctions order from the termination decree, "to permit the adoption sought in this matter to proceed without delay." *See Schiesser v. State*, 544 S.W.2d 373, 377 (Tex. 1976).

Ketterman did not appeal from a parental termination decree. The termination decree was not against Ketterman, who was not and is not a party to the lawsuit. Rather, Ketterman appealed from the trial court's order imposing sanctions against her. The sanctions order "from which [Ketterman] appeals is not a part of the final judgment, but was made final by that judgment." *Onstad v. Wright*, 54 S.W.3d 799, 804 (Tex. App.—Texarkana 2001, pet. denied). Therefore, although Ketterman has the right to appeal from the sanctions order, and although the sanctions order did not become final and appealable until the trial court rendered final judgment in the underlying proceeding, this appeal is a separate appeal of the sanctions order, not an appeal from the termination decree. *See Onstad*, 54 S.W.3d at 803–04; *Schoolcraft v. Dep't of Family & Protective Servs.*, No. 06-05-00076-CV, 2005 WL 3487849, at *2 n.2 (Tex. App.—Texarkana Dec. 22, 2005, no pet.) (not designated for publication); *see also* TEX. R. APP. P. 25.1(b), (c) (requiring notice of appeal be filed by party).

Accordingly, we DENY DFPS's motion to abate.


Judge's signature: /s/ Jim Sharp
                    X  Acting individually    ☐ Acting for the Court

Date: May 15, 2013